B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re __F̶leeger_____,
(Debtor)

Case No. __09-75313__
Chapter __7__

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1.    Creditor's Name: __HSBC Auto Finance__

2.    Amount of the debt subject to this reaffirmation agreement:
      $_____ on the date of bankruptcy      $_____ to be paid under reaffirmation agreement
      __$14,536.94__                          __$14,536.94__

3.    Annual percentage rate of interest:    __14.99__% prior to bankruptcy
      __14.99__% under reaffirmation agreement ( __X__ Fixed Rate ____ Adjustable Rate)

4.    Repayment terms (if fixed rate): $__433.94__ per month for __35__ months

5.    Collateral, if any, securing the debt: Current market value: $__10,225__
      Description: __2005 Kia Sedona__

6.    Does the creditor assert that the debt is nondischargeable? ____Yes __X__ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries

7A.   Total monthly income from $__4972.__
      Schedule I, line 16

8A.   Total monthly expenses $__4961__
      from Schedule J, line 18

9A.   Total monthly payments on $__0__
      reaffirmed debts not listed on
      Schedule J

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7B.   Monthly income from all $__4972.__
      sources after payroll deductions

8B.   Monthly expenses $__4961.__

9B.   Total monthly payments on $__0__
      reaffirmed debts not included in
      monthly expenses

10B.  Net monthly income $__11.00__
      (Subtract sum of lines 8B and 9B from
      line 7B. If total is less than zero, put the
      number in brackets.)

B27 (Official Form 27) (12/09)                                                                    Page 2

11.    Explain with specificity any difference between the income amounts (7A and 7B):

_____

_____

12.    Explain with specificity any difference between the expense amounts (8A and 8B):

_____

_____

        If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that
any explanation contained on those lines is true and correct.


_____        _____
Signature of Debtor (only required if        Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

## Other Information

☐    Check this box if the total on line 10B is less than zero. If that number is less than zero, a
presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with
specificity the sources of funds available to the Debtor to make the monthly payments on the
reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
      ✓ Yes              _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has
counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
      ✓ Yes              _____No


## FILER'S CERTIFICATION

        I hereby certify that the attached agreement is a true and correct copy of the reaffirmation
agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

ACB BK Servicing
_____
Print/Type Name & Signer's Relation to Case

1080000357285 1441

Form 240A - Reaffirmation Agreement (1/07)

```
[ ]  Presumption of Undue Hardship
[ ]  No Presumption of Undue Hardship
     (Check box as directed in Part D: Debtor's
     Statement in support of Reaffirmation Agreement.)
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

IN RE:    Mary E. Fleeger          Case No.    09-75313-MB-7
          Daniel Fleeger
          Debtor(s)               Chapter    7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

[X] Part A: Disclosures, Instructions, and Notice to          [X] Part D: Debtor's Statement in Support of
    Debtor (Pages 1 - 5)                                          Reaffirmation Agreement

[X] Part B: Reaffirmation Agreement                           [ ] Part E: Motion for Court Approval

[ ] Part C: Certification by Debtor's Attorney

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor: HSBC Auto Finance (f/k/a Household Auto Finance Corp)**

[ ] *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:          $14,536.94

***The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.***

File #357285

1

1080000357285 1441

Form 240A - Reaffirmation Agreement (Cont.)

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 14.99%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

1080000357285   1441

Form 240A - Reaffirmation Agreement (Cont.)

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

Item or Type of Item                                              Original Purchase Price or Original Amount of Loan


2005 KIA SEDONA-V6 Wagon LX                                                              $20,401.18



*Optional* --- *At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ 433.96 is due on 12/19/2009, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*--- And/Or ---*

Your payment schedule will be: 35 payments in the amount of $433.96 each, payable monthly on the 19th day of each month unless altered later by mutual agreement in writing.

*--- And/Or ---*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

1080000357285 1441



Form 240A - Reaffirmation Agreement (Cont.)

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

File #357285

4

1080000357285  1441

Form 240A - Reaffirmation Agreement (Cont.)

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

### Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

1080000357285 1441

Form 240A - Reaffirmation Agreement (Cont.)

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: Please refer to Contract.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: The debtor will receive a 3 month extension contingent on the filing of this reaffirmation agreement before discharge. Any loan extensions, modifications, late payments, payments to principal or other accruals of interest may alter the contractual paid in full date or final payment amount.

SIGNATURE(S):

Borrower:

Mary E. Fleeger
(Print Name)

_Mary Ellen_ (signature)
(Signature)

Date: 1/6/09 10

Co-borrower, if also reaffirming these debts:

Daniel Fleeger
(Print Name)

(Signature)

Date: 1-6-10

Accepted by creditor:

HSBC Auto Finance (f/k/a Household Auto Finance Corp)
(Printed Name of Creditor)

P.O. Box 201347
Arlington, TX 76006
(Address of Creditor)

_Debi Creasy_ (signature)
(Signature)

Debi Creasy, Team Lead
James Collins, Division Manager
Blair Korschun, Senior Vice President
Ascension Capital Group, Inc.
Bankruptcy Servicer for HSBC Auto Finance (f/k/a Household Auto Finance Corp)
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance: 2-1-10

File #357285

6

1080000357285  1441

IIII I IIIIIII IIIIIIII III II IIIIIIII IIIIII III

Form 240A - Reaffirmation Agreement (Cont.)

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: ~~Gary G. Flanders~~

Signature of Debtor's Attorney: _____

Date: __1-22-10__

DAVID L. DAVITT
4023 CHARLES ST.
ROCKFORD, IL 61108

1080000357285 1441

Form 240A - Reaffirmation Agreement (Cont.)

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read the section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 Indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 4972 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 4536 , leaving $ 436 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____

_____

**(Use an additional page if needed for a full explanation.)**

2. The total net monthly income (take home pay plus any other income received) as stated on my Schedule I is $_____, and the total monthly expenses a listed on Schedule J is $_____.

These amounts are (check one):

[ ] The same as the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. § 524 (k), or

[ ] Different from the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. § 524 (k). If different, the Debtor(s) must include an explanation of any difference here:

_____

_____

**(Use an additional page if needed for a full explanation.)**

3. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed3 reaffirmation agreement.

Signed: _____

Mary E. Fleeger

_____

Daniel Fleeger

Date: 1/16/09 10

File #357285

8

1080000357285 1441



Form 240A - Reaffirmation Agreement (Cont.)

--- *Or* ---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.


Signed: _____
        Mary E. Fleeger


        _____
        Daniel Fleeger


Date:   _____


orm 240A - Reaffirmation Agreement (Cont.)

## PART E: MOTION FOR COURT APPROVAL

*[To be completed and filed only if the debtor is not represented by an attorney in negotiating the reaffirmation agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes):*

U.S[C. § 524(c)(6) (debtor is not represented by an attorney during course of the negotiation of the reaffirmation agreement)
]

. [ ]  U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
                Debtor

            _____
                Joint Debtor, if any

Date:    _____

DEC-14-2009 14:52                                                                 P.15/17

Case 09-75313   Doc 15   Filed 02/01/10   Entered 02/01/10 14:05:26   Desc Main
Form 240B - Order on Reaffirmation Agreement (1/07)   Document      Page 13 of 15

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## ROCKFORD DIVISION

In re: Mary E. Fleeger                      Case No.: 09-75313-MB-7
Daniel Fleeger                              Chapter:  7
Debtor(s)

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) Mary E. Fleeger and Daniel Fleeger has (have) filed a motion for approval

of the reaffirmation agreement dated _____ made between the debtor(s) and HSBC

Auto Finance (f/k/a Household Auto Finance Corp). The court held the hearing required by 11

U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____.

COURT ORDER:      [ ] The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A)
                      and approves the reaffirmation agreement described above as not
                      imposing an undue hardship on the debtor(s) or a dependent of the
                      debtor(s) and as being in the best interest of the debtor(s).

                  [ ] The court grants the debtor's motion under 11 U.S.C. § 524(k)(8)
                      and approves the reaffirmation agreement described above.

                  [ ] The court does not disapprove the reaffirmation agreement under
                      11 U.S.C. § 524(m).

                  [ ] The court disapproves the reaffirmation agreement under
                      11 U.S.C. § 524(m).

                  [ ] The court does not approve the reaffirmation agreement.

                              BY THE COURT

Date: _____          _____
                                 *United State Bankruptcy Judge*

**RETAIL INSTALLMENT CONTRACT – MOTOR VEHICLE / SIMPLE INTEREST**

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 14.99 % | $10843.94 | $20401.18 | $31245.12 | $35945.12 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 433.96 | monthly beginning 07/04/2005 |
| | $ N/A | |

**Itemization of Amount Financed**

| | |
|---|---|
| Cash Price | $ 22955.00 |
| Less Cash Downpayment | $ 4700.00 |
| Value of Trade-In | N/A |
| Lien Payoff $ N/A | N/A |
| Unpaid Balance of Cash Price | 18255.00 |
| ENTERPRISE LI | $ 571.79 |
| Public Officials (Licenses, Title & Taxes) | $ 1519.00 |
| ANDERSON ROCK | 55.39 |

Buyer(s) MARY E FLEEGER 228 S COLFAX ST BYRON IL 61010
Buyer(s) DANIEL FLEEGER 228 S COLFAX ST BYRON IL 61010
Seller ANDERSON ROCK RIVER FORD INC 224 N ALPINE RD ROCKFORD IL 61107

| New or Used | Year | Make of Vehicle | Model | Body Style | No. Cyl. | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| NEW | 2005 | KIA | SEDONA | SEDONA EX | | KNDUP132256704365 | IMP BLU | | Y2579 |

Buyer Promises to pay to the order of Seller at the offices of:
HSBC AUTO FINANCE INC (Assignee) located in SAN DIEGO, Illinois
...71 Installments of $433.96 each and a final installment of $433.96 beginning on JULY 4TH 2005...

**RETAIL INSTALLMENT CONTRACT**

Seller: ANDERSON ROCK RIVER FORD INC.
Buyer
Buyer

ORIGINAL Form IFI-26 (Rev. 9/04)

## STATE OF ILLINOIS

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| KNDUP132256704365 | 2005 | KIA | SEDONA | SPORT VAN | X5193611662 |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 07/12/05 | 42 | | NEW | 05/20/05 |

MOBILE HOME SO. FT.

TYPE OF TITLE
ORIGINAL

MAILING ADDRESS

HSBC AUTO FINANCE INC
PO BOX 17902
SAN DIEGO CA 92177-7902



LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS
MARY E FLEEGER
DANIEL FLEEGER
228 S COLFAX ST
BYRON IL 61010

FIRST LIENHOLDER NAME AND ADDRESS
HSBC AUTO FINANCE INC
PO BOX 17902
SAN DIEGO CA 92177-7902

SECOND LIENHOLDER NAME AND ADDRESS

### RELEASE OF LIEN
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

By _____   Date _____
    Signature of Authorized Agent

By _____   Date _____
    Signature of Authorized Agent

Print Name _____
Firm Name _____

NEW LIEN ASSIGNMENT: This information below must be on an application for title and presented to the Secretary of State.
Secured Party _____   Address _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

"I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:"

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage."
WARNING-ODOMETER DISCREPANCY

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that this vehicle is not damaged in excess of 33 1/3% of its fair market value unless this document is accompanied by a salvage application."

_____ NO
      TENTHS
ODOMETER READING

Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) _____                    DATE OF SALE _____

"I am aware of the above odometer certification made by seller."

Signature(s) of Buyer(s) _____                    Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

D37583743
CONTROL NO.

JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS